JOSEPH D. MURPHY, plaintiff in error, *v.* WILLIAM H. GRIGGS, defendant in error.

(Atlanta, January Term, 1871.)

EJECTMENT—DECLARATIONS ANTE LITEM MOTAM—TO REBUT ACQUIESCENCE.—When on the trial of an action of ejectment, it was proved by a witness that the plaintiff had admitted that a certain boundary line to which defendant claimed was the true boundary line between the parties, and to rebut this evidence of acquiescence of the plaintiff, as to the boundary line between the parties, a witness was offered to prove that the plaintiff had repeatedly said to him, that he was not satisfied with defendant's claim to the line set up by them, and had always denied their right to hold to that line—these declarations made before the commencement of any suit:

*Held,* that these declarations of the plaintiff were admissible solely on the ground of rebutting the plaintiff's acquiescence in the boundary line, as claimed, and for no other purpose:

VERDICT—SETTING ASIDE—REFUSAL TO POLL JURY.*
—*Held,* further, That when the jury returned their verdict into Court, and

---

*VERDICT—SETTING ASIDE—REFUSAL TO POLL JURY.
—"To permit a party against whom a verdict is rendered, when it is plain and unambiguous in its terms and legal effect, to examine the jury as to their meaning, is to give great advantage to a litigant of influence and position in his county, when opposed by one of little or no influence. The jury room is the proper place for the jurors to give their views as to what the verdict should be, and having there come to a conclusion as to the rights of the parties, they have but one more duty to perform, and that is to return their finding into court. To suffer the jurors to be interrogated as to what legal effect their verdict is to have, is closely allied to, if not identical with, calling a juror to impeach a verdict rendered by him. To justify such a course, the verdict must, at least, be so ambiguous as to convey no definite meaning upon one or more of the issues involved. * * * In Murphy *v.* Griggs, 41 Ga. 464, this court held it was no such error as entitled the party to a new trial, where the court refused, on request of counsel, to ask the jury if they had agreed upon a verdict, unless counsel would state some legal reason for making the request. And the judgment of the court below, granting a new trial on this ground, was reversed. The tendency of this case is to show that no unnecessary questions should be asked the jury, even by the court, much less should counsel bring the pressure of public opinion to bear upon the jury by demanding, in open court, from them, an explanation of a plain, unambiguous result of their deliberations in the jury room." Anderson *v.* Green, 46 Ga. 375.

their names were called over by the Clerk, it was not such an error in
law as will authorize the Court to set aside the verdict, to refuse, on
the request of defendant's counsel, to ask the jury if they have agreed
on a verdict, without stating some legal reason to the Court for mak-
ing such request.

465          *Sayings of Party as Evidence. Polling Jury. Prac-
tice Supreme Court. Before Judge Davis. Habersham
Superior Court. April Term, 1870.

Murphy brought ejectment against Griggs for a part of a lot
of land in said county. No brief of the evidence was before this
Court. So much of the facts, as appears in the bill of exceptions,
is as follows:

The dispute was as to Griggs' right to possession of said lot
up to a particular line. Griggs' witnesses testified that Murphy
had frequently, during many years, admitted that said line was
the true boundary between his land and Griggs'. In rebuttal, one
of Murphy's witnesses testified that Murphy had told him that
he was not satisfied with Griggs' claim to said line as the true
boundary, and that he always denied Hunter's right to hold to
that line. (We suppose Griggs held under Hunter.)

This testimony was objected to. Murphy's counsel said they
offered it only to rebut the evidence of Murphy's acquiescence in
the correctness of said line as the boundary of his right of pos-
session. The Judge admitted it for that purpose, only, and
charged the jury that they must consider it for that purpose,
only. And in his certificate to the bill of exceptions he says that
this declaration of Murphy, offered by him, was made ante litem
motam.

The jury dispersed, by consent of the parties, and when they
came into Court, with the papers in the hands of their foreman,
they were called and each responded to his name. Just as Mur-
phy's attorney was about to receive the papers from the foreman,
Griggs' counsel asked the Court to inquire of the jury whether
they had agreed upon the verdict. The Court refused to ask the
question and the jury delivered their verdict for the plaintiff.
Griggs' counsel moved for a new trial upon the grounds, that the
Court had erred in admitting Murphy's saying in his own behalf,
and in refusing to ask the jury whether they had agreed upon a
verdict, and, as the Judge certifies, upon other grounds. What

SAME—SAME—SAME—APPLIES ONLY TO CIVIL CASES.
—"But we are of the opinion that in criminal cases the privilege of
polling a jury is a legal right in the defendant, and does not depend
on the discretion of the court. In an experience of thirty years at
the bar, I have never known it denied to a prisoner demanding it,
and my brethren. one of whom has an experience of nearly fifty years,
say the same. And this seems to be the settled rule. * * * The
cases in this court, where the privilege has been said to depend on
the discretion of the court, were all civil cases, and the court has dis-
tinctly confined the ruling to civil cases: (Smith v. Mitchell,) 6 Ga.
464; (Beale v. Hall,) 22 Ga. 431; (Murphy v. Griggs,) 41 Ga. 465;
(Black v. Thornton,) 31 Ga. 661." Tilton v. State, 52 Ga. 479.

these other grounds were does not appear. He granted a new trial *upon the last ground stated. This grant of a new trial is assigned as error.

(When the cause was called here, no appearance was made for defendant in error, but several days afterwards, and before the case was decided, Mr. Estes appeared, and by permission of the Court filed his brief.)

Alexander S. Erwin, Hutchins & McMillan, H. P. Bell, for plaintiff in error.

J. F. Langston, J. B. Estes, for defendant.

WARNER, J.

The Court below erred in setting aside the verdict on the statement of facts contained in the record, without some legal reason being shown to the Court for making the request (to poll the jury) as therein stated.

Let the judgment of the Court below be reversed.